UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DR. DEBORAH L. FRECKLETON,

Plaintiff, CASE NO.: 6:22-cv-906

v.

BETHUNE-COOKMAN UNIVERSITY, INC.,

Defendant.
_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, DR. DEBORAH L. FRECKLETON, by and through her undersigned counsel, and hereby sues the Defendant, BETHUNE-COOKMAN UNIVERSITY, INC, and respectfully alleges and states as follows:

**INTRODUCTION**

1. Plaintiff brings this action against Defendant under the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, which incorporates, through 42 U.S.C. § 12117, the powers, remedies, and procedures set forth in Title VII of the Civil Rights Act of 1964, as amended, included in 42 U.S.C. § 2000e *et seq*., in addition to its implementing Regulations, the Rehabilitation Act of 1973, as amended ("Rehabilitation Act"), 29 U.S.C. §§ 701 *et seq*., and the Florida Civil Rights Act of 1992, as amended ("FCRA"), §§ 760.01 *et seq*., Florida Statutes. As set forth below, Plaintiff alleges that Defendant failed to accommodate her requests for reasonable accommodations in violation of the ADA and its implementing Regulations, the Rehabilitation Act, and the FCRA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§ 1331, 1343, and 1367. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) and the principles of pendent jurisdiction.

3. This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202. This Court is also vested with jurisdiction and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117.

4. Venue is proper in the United States District Court for the Middle District of Florida, Fort Myers Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred in this judicial district and pursuant to 42 U.S.C. § 2000(e)-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this judicial district. All facts and circumstances arising from this dispute took place in Volusia County, Florida.

5. Plaintiff has hired the undersigned law firm and agreed to pay it a reasonable hourly fee for its services.

## PARTIES

6. DR. DEBORAH L. FRECKLETON (hereinafter referred to as "Plaintiff") is an adult individual and resident of Flagler County, Florida. Who, at all times material herein, resided in Flagler County, Florida.

7. At all material times herein, the Plaintiff suffers from disability within the meaning of the ADA, 42 U.S.C. § 12102(1), and its implementing Regulations, the Rehabilitation

Act, and the FCRA because it is a physical impairment that substantially limits one or more major life activities, including, but not limited to ambulation, standing, sitting, squatting, bending and twisting. 42 U.S.C. § 12102(1)-(2); 29 C.F.R. § 1630.2(h)(1); 29 C.F.R. § 1630.2(i)(1).

8. At all times material herein, Plaintiff was a "qualified individual" with a disability within the meaning of Section 101(8) of the ADA, 42 USC § 12111(8), the Rehabilitation Act, and the FCRA in that Plaintiff was an individual who, with a reasonable accommodation, could have performed the essential functions of her position with Defendant.

9. Plaintiff is a qualified individual with a disability and is protected from unlawful employment practices on the basis of disability, including failure to provide reasonable accommodations actions of Defendant as alleged herein, under the ADA and its implementing Regulations, the Rehabilitation Act, and the FCRA.

10. Defendant is a "person" within the meaning of the ADA, 42 U.S.C. § 12111(7), Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a), and the FCRA, § 760.02(6), Florida Statutes. Defendant is a "person" within the meaning of 42 U.S.C. § 12111(7) and 42 U.S.C. § 2000e(a), in that, the definition "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

11. Defendant is an entity that receives federal financial assistance or funding and is a covered entity for purposes of Section 504 of the Rehabilitation Act.

12. Defendant is an "employer" as defined by 42 U.S.C. § 2000e(b) and within the meaning of 42 U.S.C. § 12111(5) because Defendant is a person engaged in an industry affecting commerce who has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. Thus, Defendant is also a covered entity within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R. § 1630.2.

13. Accordingly, Defendant is liable under the ADA and its implementing Regulations, the Rehabilitation Act, and the FCRA for unlawfully discriminating against Plaintiff on the basis of disability, failing to accommodate Plaintiff's request for reasonable accommodation as more fully alleged herein.

**EXHAUSTION OF ADMINISTRATIVE PREREQUISITES**

14. On September 2, 2021, Plaintiff timely filed a dual Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant for failure to accommodate. See Exhibit A.

15. On March 31, 2022, the EEOC issued Plaintiff a Notice of Right to Sue in reference to her Charge of Discrimination (EEOC Charge No. 510-2021-6035) against Defendant. See Exhibit B.

16. All conditions precedent to bringing this action have been performed or have occurred.

**GENERAL ALLEGATIONS**

17. Plaintiff began working as an Assistant professor for Defendant in 1995. Plaintiff was promoted to tenured Associate professor on 2010, College of Arts and Humanities.

18. Plaintiff suffers from lumbar spinal stenosis and other medical complications related to her back or spine. She has limited mobility at times due to numbness, cramping in both legs, pain radiating in her neck, lower back and legs.

19. Despite her limited mobility, she is fully capable of teaching in a remote setting as evidence by her positive performance over the past four years.

20. The Plaintiff was assigned four (4) classes for the 2021 –2022 academic year. One level 2 online English composition course, and one online Introduction to Social Science course. One level 1 face-to-face English composition course, and one face-to-face Introduction to Social Science course.

21. Defendant instituted a policy requiring (a) most faculty to return to providing in person instruction and (b) remote courses to be taught from campus.

22. The policy was designed and implemented to force Professors concerned about COVID-19 back on campus or force them to quit. Defendant made exceptions to this policy when it fits their purposes on a case-by-case basis.

23. In May of 2021, the Plaintiff requested a reasonable accommodation to continue teaching from her home strictly remote courses.

24. Defendant referred the Plaintiff to its Wildcat Reopening Roadmap, which states under Academics: "[b]eginning in the fall semester of 2021, we will return to full capacity, in-person classes. Online classes will be offered, as they were pre-COVID-19. The classroom, environment will be adjusted to take into account reasonable distancing, consistent with the updated CDC guidelines." These accommodations have nothing to do with Plaintiff's disability or physical limitations.

25. Defendant denied the Plaintiff her reasonable accommodation request.

26. Allowing the Plaintiff to continue in her position with a reasonable accommodation would not have resulted in an undue hardship on the Defendant.

27. Defendant's conduct and actions as described in this Complaint constitute discrimination on the basis of disability in violation of Title I of the ADA, as amended, and its implementing Regulations, the Rehabilitation Act, as amended, and the FCRA.

28. There was no legitimate, non-discriminatory basis for Defendant refusing to honor the Plaintiff's reasonable accommodation.

29. The Plaintiff could have performed the essential functions of her position with a reasonable accommodation.

**COUNT I: FAILURE TO ACCOMMODATE**
**VIOLATION OF ADA, FCRA & REHAB ACT**

30. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31. As alleged above, at all times material herein, Plaintiff was an individual with handicaps (disabilities) within the meaning of the FCRA, Rehab Act and ADA in that, *inter alia*, she had physical impairments that substantially limited one or more major life activities and/or had a record of such impairments.

32. At all times material herein, Plaintiff was a qualified individual with handicaps (disabilities) within the meaning of the FCRA, Rehab Act and ADA in that Plaintiff was an individual who, with a reasonable accommodation, could have performed the essential functions of her position with the Defendant.

33. Defendant knew of and had notice of Plaintiff's handicaps (disabilities).

34. Plaintiff submitted a request to Defendant for accommodations.

35. Plaintiff's reasonable accommodation request was denied.

36. Plaintiff was forced to quit her employment because she was not afforded a reasonable accommodation.

37. As a direct, proximate, and foreseeable result of Defendant's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience and mental anguish, loss of enjoyment in life, loss of dignity, emotional distress, humiliation and other non-pecuniary losses and intangible injuries.

WHEREFORE, Plaintiff, DR. DEBORAH L. FRECKLETON, demands judgment against Defendant, BETHUNE-COOKMAN UNIVERSITY, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA, Rehab Act and ADA by discriminating against Plaintiff on the basis of her handicap (disability) by failing to provide a reasonable accommodation;

B. Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered as a result of the discrimination against her, including, but not limited to, an offer of reinstatement to her previous position with retroactive seniority or awarding her front pay in lieu of reinstatement, granting her full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C. Award compensatory damages to Plaintiff in a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct, pursuant to and within

the statutory limitations of the FCRA, Rehab Act and ADA;

D. Award Plaintiff any and all other damages available under the FCRA, ADA and Rehab Act, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable, according to proof;

E. Award the Plaintiff punitive damages;

F. Award Plaintiff pre- and post-judgment interest;

G. Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

H. Grant such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

38. Plaintiff hereby demands trial by jury on all issues so triable as of right by jury in this matter.

Respectfully submitted this 16th day of May, 2022.

By: /s/ Frank M. Malatesta, Esq.
FRANK M. MALATESTA, ESQUIRE
Florida Bar No.: 0097080
MALATESTA LAW OFFICE
871 Venetia Bay Boulevard, Suite 235
Venice, Florida 34285
Telephone No.: (941) 256-3812
Facsimile No.: (888) 501-3865
Frank@malatestalawoffice.com
Staff@malatestalawoffice.com
*Counsel for Plaintiff*