# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DEBORAH L. FRECKLETON,**

        **Plaintiff,**

v.                                                **Case No: 6:22-cv-906-PGB-EJK**

**BETHUNE-COOKMAN UNIVERSITY, INC.,**

        **Defendant.**

_____/

## ORDER

This cause comes before the Court on Defendant's Motion for Summary Judgment (Doc. 30) and Motion to File Corrected Exhibits and Corrected Motion for Summary Judgment (Doc. 31 (the "**Motion to Refile Summary Judgment**")). Upon due consideration, the Motion for Summary Judgment is due to be struck and the Motion to Refile Summary Judgment is due to be denied.

## I.    BACKGROUND[1]

Plaintiff filed this lawsuit on May 16, 2022. (Doc. 1). Ultimately, on July 5, 2022, the Court issued an initial Case Management and Scheduling Order (Doc. 16 (the "**CMSO**")) setting forth various rules and deadlines to control the subsequent course of the proceedings.[2]

---

[1] Although the procedural history of this case was recently addressed in detail (*see* Doc. 29), the Court will briefly rehash the background.

[2] The deadlines imposed are based, in part, on the parties' requests in their jointly filed Case Management Report. (Doc. 15).

Roughly a year after filing suit, on May 22, 2023, the parties requested an extension of various deadlines, including the deadline for discovery and dispositive motions. (Doc. 18 (the "**Motion to Extend Deadlines**")).[3] The Court granted the aforementioned Motion to Extend Deadlines but cautioned the parties that "no further extensions will be granted absent extraordinary cause." (Doc. 19). Accordingly, on June 9, 2023, the Court issued an Amended CMSO. (Doc. 22). Therein, the dispositive motions deadline was extended from July 3, 2023 to October 2, 2023. (*Id.*). In addition, the extended mediation deadline provided the parties until September 18, 2023 to mediate with Carlos Burruezo. (*Id.*).

Alas, on September 18, 2023—the date of the mediation deadline—Plaintiff filed a Notice with the Court indicating that Defendant had purportedly failed to provide Plaintiff with any specific dates for mediation over the past few months. (Doc. 23). Thereafter, the Court ordered Defendant to show cause why sanctions should not be imposed for failure to conduct mediation in compliance with the Amended CMSO. (Doc. 24). Eventually—albeit days after the deadline—the parties filed a Motion for Mediation Extension, notably with a different mediator than initially requested and subsequently ordered by the Court in the Amended CMSO. (Doc. 27). In addition, the parties filed another Joint Motion to Extend Dispositive Motions Deadline. (Doc. 25). Then, on September 29, 2023, Defendant filed its Response to the Court's Order to Show Cause. (Doc. 28). Ultimately, on October 2,

---

[3] Notably, there was a complete absence of docket activity following the issuance of the initial CMSO, up until the request for an extension of deadlines almost a year later. (*See* Docs. 16, 18).

2023, the Court denied the parties' request to extend the deadline for dispositive motions but granted an extension for the parties to mediate. (Doc. 29). As a result, on October 2, 2023—the deadline to file dispositive motions—Defendant filed its Motion for Summary Judgment. (Doc. 30). And lastly, a mere few days later on October 5, 2024, Defendant filed its Motion to Refile Summary Judgment. (Doc. 31).

## II.  DISCUSSION

The Court takes issue with what appears to be Defendant's consistent failure to comply with Court Orders.[4] Accordingly, the Court will address such noncompliance and the implications herein.

The initial issue involved mediation. As stated previously, the twice-extended deadline for the parties to conduct mediation was September 18, 2023, with Carlos Burruezo. (Doc. 22).[5] However, on the aforementioned date of the mediation deadline, Plaintiff filed a Notice with the Court indicating that Defendant had purportedly failed to provide Plaintiff with any specific dates for mediation over the past few months. (Doc. 23). Thereafter, the Court ordered Defendant to show cause why sanctions should not be imposed for failure to

---

[4] The Court centers its discussion on Defendant's noncompliance for a few reasons. One, Plaintiff's Notice regarding mediation indicated that although Plaintiff had repeatedly requested mediation dates from Defendant, Defendant failed to offer any availability in response. (Doc. 23). Second, Defendant filed the second Motion to Extend Dispositive Motions Deadline, even though it was unopposed. (Doc. 25). And lastly, only Defendant filed a Motion for Summary Judgment that runs afoul of the Amended CMSO as discussed *infra*. (Doc. 31).

[5] The Court notes that in their Case Management Report, the parties initially requested April 28, 2023 as the deadline to participate in mediation. (Doc. 15, p. 2).

conduct mediation in compliance with the Amended CMSO. (Doc. 24). In response—albeit days after the mediation deadline—the parties filed a Motion for an Extension of Time to Complete Mediation, notably with a different mediator than initially requested and subsequently ordered by the Court in the Amended CMSO. (Docs. 22, 27).[6] In addition, Defendant responded to the Court's Order to Show Cause providing little to no reason why the parties were unable to conduct mediation, simply citing an "oversight in scheduling" as "Defendant's client representatives . . . would not be able to attend mediation before the scheduled mediation deadline of September." (Doc. 28).

Considering the parties were provided over three additional months to mediate in accordance with the Amended CMSO, the parties had ample time to agree on a mediation date that suited all parties involved. (Doc. 22). Nevertheless, the Court granted the Motion for an Extension of Time to Complete Mediation, providing the parties until on or before October 24, 2023 to conduct mediation. (Doc. 29). The Court also allowed the parties to mediate with a different mediator than initially requested and subsequently appointed by the Court, even though the parties never properly requested leave to mediate with an alternative mediator. (*Id.*).

---

[6] The Court highlights that the Amended CMSO advises the parties that "[n]either the mediator nor the parties have authority to continue the mediation conference beyond [the specified] date except on express order of the Court." (Doc. 22, p. 13). And yet, the deadline for mediation passed without the parties requesting it be extended.

The next issue stemmed from a request to extend the deadlines for dispositive, Daubert, and Markman motions. (Doc. 25). Upon issuance of the Amended CMSO, the Court warned the parties that "no further extensions will be granted absent extraordinary cause." (Doc. 19). In any event, the parties requested such. However, the reason for requesting an extension was because "the parties need[ed] additional time to have the final deposition, which is scheduled for October 4, 2023." (Doc. 25). Yet, the parties seemed to ignore the fact that the discovery deadline of September 5, 2023 had already passed, and there was no prior request for it to be extended. (Doc. 22). Thus, the Court cannot possibly find that referencing an unsubstantiated need to conduct a deposition—after the discovery period has closed—constitutes good cause to extend the remaining deadlines. Accordingly, the Joint Motion to Extend Dispositive Motions Deadline (Doc. 25) was denied. (Doc. 29).[7]

Now, Defendant has filed a Motion for Summary Judgment, on the day of the dispositive motions' deadline, without filing the required Stipulation of Agreed Material Facts. (*See* Doc. 30). The Court's Amended CMSO required the following:

> *Fourteen (14) days before a party files a motion for summary judgment, counsel for all parties affected by the motion shall meet and confer to create a Stipulation of Agreed Material Facts which will be deemed admitted for the purpose of the motion. The Stipulation shall be filed with the Court.* **A motion for summary judgment shall specify the stipulated material facts pertinent to the resolution of the motion**, and shall be accompanied by a memorandum of law, affidavits and other evidence in the form required by

---

[7] The fact that the parties unilaterally stipulate to the respective extensions discussed herein is irrelevant. The Court imposes deadlines, not the parties themselves.

> Federal Rule of Civil Procedure 56. The motion for summary judgment and supporting memorandum of law shall be presented in a single document of not more than twenty-five (25) pages. Local Rule 3.01(a). Each party opposing a motion for summary judgment shall file and serve, within **twenty-one (21) days** after being served with such motion, a legal memorandum with citation to authorities in opposition to the relief requested of not more than **twenty (20) pages**. *Id.* The memorandum in opposition shall specify the stipulated material facts pertinent to the resolution of the motion, and shall be accompanied by affidavit(s) and other evidence in the form required by Federal Rule of Civil Procedure 56. Both the movant and the party opposing summary judgment shall provide pinpoint citations to the pages and lines of the record supporting each material fact. General references to a deposition are inadequate. The Court will accept a ten (10) page reply without leave of Court. The reply shall be limited to addressing issues raised by the opposing party that have not already been addressed in the motion. The reply shall be filed within **fourteen (14) days** after the response is served.

(Doc. 22, pp. 7–8 (emphasis added)). As further indicated in the Amended CMSO, "Failure to comply [with the aforementioned mandatory deadlines and requirements] will result in appropriate sanctions." (*Id.* at p. 1).

Nonetheless, here, the parties failed to meet and confer to file the aforementioned Stipulation and thus, Defendant failed to comply with related CMSO guidelines once again. Then, three days after filing its noncompliant Motion for Summary Judgment, Defendant filed a Motion requesting leave to file both a corrected motion for summary judgment and corrected exhibits because of "formatting and grammatical errors" and inadvertently omitted exhibits. (Doc. 31). In support of its Motion to Refile Summary Judgment, Defendant argues excusable neglect, citing to legal authority and then baldly asserting that "[i]n considering the relevant factors . . . Defendant requests that the Court please grant Defendant the relief requested herein." (*Id.*). Such a request fails to even mention rectifying the

primary issue with the Motion for Summary Judgment—the failure of the parties to meet and confer to file the stipulated material facts essential to the Court's resolution of summary judgment.

Although Defendant has already been reminded, the Court finds it imperative to inform the parties that Court Orders are not mere suggestions. In fact, the Amended CMSO is issued in compliance with Federal Rule of Civil Procedure 16, which sets forth that "the district judge . . . must issue a scheduling order . . . [that] may be modified only for good cause and with the judge's consent." Rule 16 further highlights that on its own motion, a "court may issue any just orders, including those authorized by [Federal] Rule [of Civil Procedure] 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f). Accordingly, Rule 37(b)(2)(A)—and in turn, Rule 16(f)—provides for the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A)(ii)–(vii); *see Varela v. Innovative Wiring Sols., LLC*, No. 07-CV-165 ORL28KRS, 2008 WL 2700053, at *1 (M.D. Fla. July 9, 2008)

(striking defendant's answer and entering default against it as sanctions for its consistent failure to comply with the CMSO by not conducting mediation and filing a joint pretrial statement, among other things); *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, 754 F. App'x 955 (Fed. Cir. 2018) (affirming the district court did not abuse its discretion in entering default judgment as a sanction, largely for various violations of court orders); *Vaughn v. GEMCO2, LLC*, No. 617CV1713ORL41KRS, 2018 WL 6620600, at *4–5 (M.D. Fla. Oct. 31, 2018), *report and recommendation adopted*, No. 617CV1713ORL41LRH, 2019 WL 1765051 (M.D. Fla. Apr. 22, 2019) (noting that an attorney who violated the CMSO by cancelling mediation without a just reason, and then failing to reschedule or move to enlarge the time to conduct mediation, was subject to sanctions).[8]

Thus, considering the consistent pattern of noncompliance with the Court's Amended CMSO, the Court finds that striking Defendant's noncompliant Motion for Summary Judgment is warranted. If the Court were to simply disregard the rules and deadlines it imposes, the Court would invite the procedural chaos its scheduling Orders seek to avoid. As such, Defendant's Motion for Summary Judgment is stricken.

---

[8] "The sanctions contained in Rule 16(f) were designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation.'" *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Failing to mediate or even meet and confer to file stipulated facts for summary judgment encourages wasteful and inefficient pretrial activities for both the parties and this Court.

## III. CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment (Doc. 30) is hereby **STRICKEN** and the Motion to Refile Summary Judgment is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on October 10, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties