United States District Court
Middle District of Florida
Orlando Division

**DEBORAH L. FRECKLETON,**

    *Plaintiff,*

v.                                                         **NO. 6:22-cv-906-PGB-UAM**

**BETHUNE-COOKMAN UNIVERSITY, INC.,**

    *Defendant.*

_____

## Report and Recommendation

The plaintiff (a professor) sued the defendant (a university and her former employer) for allegedly failing to accommodate her spinal stenosis by denying her request to teach from home. D1. Based on a verdict, D56, the Court entered judgment for the defendant. D58.

The defendant moves for the taxation of costs under Rule 54(d), Federal Rules of Civil Procedure, and 28 U.S.C. § 1920. D59. The plaintiff disputes all but $3,812.67, in costs. D62. In a reply filed with leave, D64, the defendant reduces claimed costs from $8,880.26 to $7,248.81. D65. The undersigned recommends taxing $3,710.44 in costs.

### I.     General Law

Under Rule 54(d)(1), costs "should be allowed to the prevailing party" unless federal law or a court order provides otherwise. The rule codifies the "venerable presumption" that the prevailing party is entitled to costs. *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013).

Rule 54(d)(1) works with § 1920, which permits the taxation of costs in six categories. *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002). The categories are:

(1)   Fees of the clerk [28 U.S.C. § 1914] and marshal [28 U.S.C. § 1921];

(2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)   Fees and disbursements for printing and witnesses [28 U.S.C. § 1821(b)];

(4)   Fees for exemplification [i.e., an official transcript of a public record authenticated as a true copy for use as evidence, *Arcadian Fertilizer v. MPW Indus. Servs.*, Inc., 249 F.3d 1293, 1297 (11th Cir. 2001)] and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)   Docket fees under section 1923 of this title; [and]

(6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)–(6).

Through § 1920, "Congress meant to impose rigid controls on cost-shifting[.]" *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444 (1987). Taxable costs "almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 573 (2012) (internal quotation mark and quoted authority omitted).

"Items proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964),

*disapproved of on another ground by Crawford*, 482 U.S. at 443. The party requesting the taxation of costs has the burden of submitting a request that enables the court to determine the costs incurred and entitlement to taxation of those costs. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994). If the prevailing party satisfies that burden, the burden shifts to the losing party to rebut the presumption favoring the taxation of costs. *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).

## II.   Claimed Costs and Supporting Documentation

The defendant provides a completed "Bill of Costs" form (AO 133 (Rev. 12/09)), D59-1 at 1–2; a description of some items, D59-1 at 3; invoices and receipts, D59-2; and an affidavit by defense counsel, D59-3.

On the form, the defendant claims costs for serving subpoenas, buying deposition transcripts, paying fees for the attendance of witnesses at trial, obtaining copies of medical and other records, paying for mediation, and sending papers by Federal Express. D59-1 at 1–2.

Defense counsel signed and dated the form under the statement, "I declare under penalty of perjury that the … costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." D59-1 at 1. And defense counsel avers in the affidavit that he reviewed the supporting documents and certifies that the claimed costs "were necessarily incurred in the case and that the services for which costs have been charged were actually and necessarily performed and incurred." D59-3 ¶ 2.

Despite defense counsel's declaration and averment, two invoices provided by the defendant relate to costs in other actions and thus are not taxable in this action. *See* D59-2 at 20 (invoice for $114.95 for a subpoena in *Susan Leonard v. Vistana Mgmt., Inc.*); D59-2 at 22 (invoice for $127.09 for a subpoena in *C.R. v. NR Fla. Assocs., LLC*).[*]

The plaintiff correctly observes that those costs incurred in other actions ($242.04), mediation costs ($1,375.00); and the cost of sending the mediator's payment by Federal Express ($14.41) are not taxable. D62 at 2. The defendant's reduced claim from $8,880.26 to $7,248.81 reflects its agreement with the plaintiff's position on those initially claimed costs. *See* Doc. 65 at 1.

## III. Other Law and Analysis

### A. *Serving Subpoenas*

Pointing to category one of § 1920 ("Fees of the clerk and marshal"), the defendant claims $1,455.00 in costs charged by a private process server or servers for subpoenaing the records custodians of the plaintiff's medical providers and the places where she allegedly applied for employment after

---

[*]The undersigned discerns sloppiness—not an intent to deceive—from defense counsel's declaration, averment, and submission of invoices from other actions. The undersigned otherwise relies on the declaration and averment in finding the defendant satisfies its burden for some requested costs because invoices or other parts of the record corroborate the declaration and averment.

Any sloppiness may derive from defense counsel's reluctance to spend much time on the motion to tax costs, lest the attorney's fees incurred overwhelm the costs received. Nevertheless, defense counsel is cautioned to use care. Besides risking sanctions under Rule 11, Federal Rules of Civil Procedure, and prosecution under 18 U.S.C. § 1621, a lawyer who provides a court with a declaration or averment containing a falsity undermines the court's ability to administer justice.

leaving her job with the defendant. D59-1 at 1; D65 at 2–3. The defendant provides fifteen invoices from Lynx Legal Services ($70.00, $70.00, $155.00, $70.00, $165.00, $145.00, $70.00, $70.00, $70.00, $110.00, $150.00, $50.00, $100.00, $110.00, $50.00). D59-2 at 1–15. The invoice amounts vary depending on services described as "Local Routine" ($50.00), "Statewide Routine" ($70.00), "Nationwide Routine" ($110.00, $145.00, $150.00, $155.00), "Rural Area Service Fee" ($30.00), and "Research" ($25.00). D59-2 at 1–15. The invoices include days and times of service. D59-2 at 1–15. Notes on an invoice explain why the research was necessary:

> Attempted Service at 1360 Mason Avenue, Suite 1, Daytona Beach, FL 32117, Bad address. Server found suite 1 to be VACANT. Server spoke with an employee in suite 2 who was not sure where Dr. Bundy moved too. **We called the office number listed online (386) 253-0008 and found it to be disconnected. We're unable to locate this doctor on the FL DOH. There's an alternate address listed online at 15 Surfside Drive, Ormond Beach FL 32176. We will proceed with attempting this new address located; unless advised otherwise from your office.

D59-2 at 5.

The plaintiff argues that the defendant fails to show the costs "were necessarily incurred for use in the case" because the defendant served the subpoenas more than a month after the original discovery deadline. D62 at 3; *see* D16 (original case management and scheduling order). The defendant replies that the plaintiff "never timely raised this discovery issue with the Court during the case." D65 at 2 n.1. The defendant explains that, through the subpoenas, it was trying to discover facts to defend against the plaintiff's failure-to-accommodate claim and demand for two years' backpay despite alleged plans to retire. D65 at 2–3. The defendant emphasizes that the plaintiff's medical condition and medical records were discussed throughout

5

the litigation, including during the trial. D65 at 2; *see, e.g.*, D57-31 (medical records offered as joint trial exhibit 22).

"Fees of the … marshal" taxable as costs under § 1920(1) include fees for serving a subpoena for a witness and necessary travel incurred in serving or trying to serve process. 28 U.S.C. § 1921(a)(1)(B), (G). Fees of a private process server are taxable in an amount not exceeding fees authorized for the marshal. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). For "process served or executed personally," the marshal is authorized to charge "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3). "Out-of-pocket expenses include, but are not limited to, advertising, inventorying, storage, moving, insurance, guard hire, … and any other third-party expenditure incurred in executing process." *Id.* § 0.114(b). "Process" includes a subpoena. *Id.* § 0.114(e).

Through the invoices and defense counsel's declaration and averment, the defendant shows it incurred the costs for personal service of the subpoenas and out-of-pocket expenses and entitlement to taxation of the costs, and the plaintiff fails to rebut the presumption of entitlement. The subpoenas were served to obtain evidence directly related to the failure-to-accommodate claim, the back-pay demand, and the defenses against both.

The plaintiff's argument based on the timing of service of the subpoenas is unpersuasive. Upon the defendant's unopposed motion filed on May 22, 2023, D18; the Court extended the June 1, 2023, discovery deadline to September 5, 2023, D22. The invoices show the process server received the subpoenas on either August 4 or 7, 2023, and served them between August 7

and 23, 2023. D59-2 at 1–15. In other words, the defendant attempted to obtain the discovery during the discovery period.

Taxing $1,455.00 as "[f]ees of the … marshal," *see* 28 U.S.C. § 1920(1) (quoted), is warranted.

### B.  *Buying Transcripts*

Pointing to category two of § 1920 ("Fees for printed or electronically recorded transcripts necessarily obtained for use in the case"), the defendant claims $1,629.90 for buying transcripts of depositions of the plaintiff and two trial witnesses (Drs. Jan Boulware and Arlesia Welch). D59-1 at 1; *see* D53 at 2 (minute entry showing Dr. Boulware testified on the second day of trial); D54 at 1–2 (minute entry showing Dr. Welch testified on the third day of trial). The invoices show these charges:

| Description | Deponent | Qty | Unit Rate | Tax | Amount |
|---|---|---|---|---|---|
| REMOTE VIDEO CONFERENCING - ZOOM | Dr. Deborah L. Freckleton | 1 | 125.00 | No | $125.00 |
| APP FEE: FIRST HOUR | Dr. Deborah L. Freckleton | 1 | 75.00 | No | $75.00 |
| APP FEE: ADDITIONAL HOURS | Dr. Deborah L. Freckleton | 3 | 0.00 | No | $0.00 |
| APP FEE: ADDITIONAL HOURS OVERTIME | Dr. Deborah L. Freckleton | 1 | 85.00 | No | $85.00 |
| TRANSCRIPT - O&1-VC-WI | Dr. Deborah L. Freckleton | 207 | 4.25 | No | $879.75 |
| CONDENSED TRANSCRIPT | Dr. Deborah L. Freckleton | 1 | 10.00 | No | $10.00 |
| E-EXHIBITS B&W ORIG | Dr. Deborah L. Freckleton | 41 | 0.35 | No | $14.35 |
| E- EXHIBITS COLOR ORIG | Dr. Deborah L. Freckleton | 4 | 0.95 | No | $3.80 |
| PROCESS & COMPLIANCE | Dr. Deborah L. Freckleton | 1 | 10.00 | No | $10.00 |
| MEMO: RE-DIRECTED TO FIRM PER INSURANCE, CHURCH MUTUAL (replaces INV2554551) | | 1 | 0.00 | No | $0.00 |

*Representing Client: Church Mutual Insurance - Enterprise : Church Mutual Insurance*

Subtotal 1,202.90
Shipping Cost (n/a) 0.00
Total $1,202.90
Amount Due 1,202.90

7

D59-2 at 16.

```
1 COPY OF TRANSCRIPT OF:
    Dr. Jan Bouleware (RC)                    40.00 Pages    @    3.250      130.00
        Etran/PTX Files - Complimentary        1.00          @    0.000        0.00
        Exhibits - Copied/Scanned/Hyperlinked  6.00 Pages    @    0.250        1.50
        No Paper - E-Delivery Only             1.00          @    0.000        0.00
                                               TOTAL DUE >>>              $131.50
```

D59-2 at 17.

```
1 COPY OF TRANSCRIPT OF:
    Dr. Arlesia Welch                                                        295.50
                                               TOTAL DUE >>>              $295.50
```

D59-2 at 18.

The plaintiff opposes only the $125.00 charge for Zoom video conferencing for her own deposition, contending the cost is not taxable under § 1920. D62 at 3. The defendant replies, "Courts have specifically recognized that video conferencing set[-]up fees are recoverable fees associated with necessary depositions." D65 at 4. The defendant relies on *Birren v. Royal Caribbean Cruises Ltd.*, No. 1:20-CV-22783, 2023 WL 319136, at *6 (S.D. Fla. Jan. 3, 2023), in which the court taxed $50.00 for "VideoConference Setup" because the transcript invoice explained "that the deposition occurred via the Zoom video conference platform." 2023 WL 319136, at *6 n.4, *report and recommendation adopted*, No. 20-cv-22783-BLOOM/Louis, 2023 WL 315793 (S.D. Fla. Jan. 19, 2023).

Through the invoices and defense counsel's declaration and averment, the defendant shows it incurred the costs for the transcripts (which include court reporter time and the transcript exhibits) and entitlement to taxation of

8

the costs, and the plaintiff does not attempt to rebut the presumption of entitlement. The defendant, however, fails to show entitlement to costs for non-transcript items; specifically, for the video conferencing fee ($125.00), as the plaintiff argues, D62 at 3; and for the "process & compliance" fee ($10.00). *Birren* is non-binding and lacks persuasive analysis. The defendant fails to explain what those services entail and how they can be construed as necessary to create the transcripts. Furthermore, the defendant fails to show entitlement to the cost for the plaintiff's condensed transcript ($10.00) on top of her ordinary transcript.

Taxing $1,484.90 as "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," 28 U.S.C. § 1920(2) (quoted), is warranted. Declining to tax $145.00 is also warranted.

## C.   *Paying Witness Fees*

Pointing to category three of § 1920 ("Fees and disbursements for printing and witnesses"), the defendant claims $536.04 for amounts paid to witnesses, D59-1 at 1, comprising $294.80 for mileage (110 miles), D59-1 at 2, for four trial witnesses—Welch ($73.70), William Berry ($73.70), Richard Peacock ($73.70), and Boulware ($73.70)), *see* D53, D54—and $241.24 for Welch's lodging on June 26, 2024, D59-2 at 48, the night before Welch testified, *see* D54, and her transportation to and from the hotel and courthouse, D59-2 at 49, 50, on the day she testified, *see* Doc. 54. The plaintiff presents no opposition to taxing these costs. *See* D62.

"[T]he recovery of witness fees under § 1920 is strictly limited by § 1821[.]" *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 298

(2006). Section 1821 authorizes travel reimbursement, a $40.00 per diem, and a subsistence allowance paid to a witness when an overnight stay is required. 28 U.S.C. § 1821(a)–(d). The rate per mile for an automobile in 2024 was $0.67. United States General Services Administration POV mileage rates (archived), https://www.gsa.gov/travel/plan-a-trip/transportation-airfare-rates-pov-rates-etc/privately-owned-vehicle-pov-mileage-reimbursement/pov-mileage-rates-archived#auto (last visited March 6, 2025).

Through the invoices and defense counsel's declaration and averment, the defendant shows it incurred the costs for the witness fees and entitlement to taxation of the costs, and the plaintiff does not attempt to rebut the presumption of entitlement.

Taxing $536.04 as "fees … for … witnesses," *see* 28 U.S.C. § 1920(3) (quoted), is warranted.

### D. *Obtaining Copies*

Pointing to category four of § 1920 ("Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"), the defendant claims $3,580.79 for copies of the records produced by the subpoenaed non-parties (i.e., the plaintiff's medical providers and the places where she allegedly applied for employment after leaving her job with the defendant). D59-1 at 1; D65 at 4–5.

The defendant provides twenty-one invoices from Magna RecordTrak for documents from Kaiser University, D59-2 at 19 ($114.95); Ardent Family Care, D59-2 at 21 ($148.05); Full Sail University, D59-2 at 23 ($114.95); Palm Coast

Imaging, D59-2 at 24 ($87.45); Ardent Family Care (RAD), D59-2 at 25 ($77.45); Stand Up MRI and Diagnostic Center, D59-2 at 26 ($171.45); Advantacare Multi-Specialty Group, LLC, D59-2 at 27 ($442.05); Palm Coast Imaging (RAD/MED), D59-2 at 28 ($192.20); The Orthopedic Clinic, D59-2 at 29 ($337.72); University of Maryland Global Campus, D59-2 at 30 ($79.95); Sterling Medical Group, D59-2 at 33 ($90.95); Stand Up MRI and Diagnostic Center (RAD/CERT), D59-2 at 35 ($57.45); Strayer University, Inc., D59-2 at 36 ($90.95); Radiology Associates Imaging Town Center, D59-2 at 37 ($90.95); Accurate Healthcare Palm Coast, D59-2 at 39 ($279.53); Dr. Michael Osborne, D59-2 at 40 ($235.40); Daytona State College, D59-2 at 41 ($114.95); University of Phoenix, D59-2 at 42 ($114.95); Global University, D59-2 at 43 ($114.95); UMass Global, D59-2 at 44 ($114.95); and Arizona State University, D59-2 at 45 ($114.95). Each invoice describes charges for services such as "Base Fee (Subpoena)," "Base Fee," "Subpoena Processing Fee," "Notices," "Bates Stamping," "Shipping," "Affidavit/Certification Fee," "Manual Order Entry Fee," "Electronic Records Access Fee," "Electronic Records, Count," "Record Custodian Fee," "Pathology/Radiology Fees," and "Shipping." Doc. 59-2 at 19, 21, 23–30, 33, 35–37, 39–45.

The defendant provides four additional invoices: two from "sharecare" for documents from Orthopaedic Clinic of Daytona Beach, D59-2 at 31 ($36.99 based on a $35.00 processing fee for 9 pages and a $1.99 delivery fee), 59-2 at 32 ($156.99 based on $1.00/page for 155 pages and a $1.99 delivery fee); one from Sterling Medical Group to Magna RecordTrak, D59-2 at 34 ($40.00 for 85 pages); and one from Radiology Associates Imaging, D59-2 at 38 ($95.50 based on a $50 CD, $1.00/page for 25 pages, $0.25/page for 22 pages, and a $15.00 Federal Express fee).

11

The plaintiff concedes that some copy costs were necessarily incurred for trial but "objects to greater than $1,750.00" for this category. D62 at 4. She acknowledges that using Magna RecordTrak to process third-party subpoenas "seems like a helpful technology and logistics solution" but argues that the defendant fails to show that the services provided by the company are taxable. D62 at 3–4. She further argues that the "action was conducted exclusively via virtual means" until trial and complains that the defendant "provides zero context behind this calculation such as number of pages, black and white versus color, [and] reasons why it was necessary[.]" D62 at 4. She explains that the $1,750.00 amount "is merely a good-faith estimate" because "there are no substantiating documents[.]" D62 at 4.

The defendant emphasizes that it "requested and obtained numerous medical records, employment records, and copies from thirty-three different providers and entities[.]" D65 at 5. The defendant explains that "Magna Record Tra[k] is a records retrieval or subpoena company used to issue [subpoenas in this action], and its work is done more economically than if a law firm did this work and billed their time for it." D65 at 3. The defendant argues that "[b]ecause every subpoena issued in this case directly relates to the claims brought by [the] Plaintiff and [the] Defendant's defenses to those claims, these costs, including the costs associated with Magna Record Tra[k] … are taxable under § 1920." D65 at 3.

A court may not tax costs for general copying, *Duckworth v. Whisenant*, 97 F.3d 1393, 1395, 1399 (11th Cir. 1996), and may exclude costs of copies if the requesting party makes no showing the copies were necessary for use in the case, *see, e.g.*, *Pelc v. Nowak*, 596 F. App'x 768, 771 (11th Cir. 2015)

12

(observing that the court did not abuse its discretion in excluding costs of copies because the requesting parties "made no showing that the copies were necessary for use in the case"); *Watson v. Lake Cnty.*, 492 F. App'x 991, 998 (11th Cir. 2012) (remanding for further findings because the district court awarded costs for "B&W printing" and "color copies" but the record did not explain what documents were copied). Postage is not taxable. *Duckworth*, 97 F.3d at 1395, 1399.

Through the invoices and defense counsel's declaration and averment, the defendant shows it incurred the costs claimed but fails to show entitlement to taxation of all claimed costs. Category four of § 1920 permits the taxation of costs for "exemplification" (i.e., an official transcript of a public record authenticated as a true copy for use as evidence, *Arcadian Fertilizer*, 249 F.3d at 1297) and for "copies." Neither category four nor any other category of § 1920 permits the taxation of costs for the services claimed by the defendant, all of which are undefined and some of which are not self-evident: "Base Fee[s]," Subpoena Processing Fee[s]," "Notices," "Bates Stamping," "Shipping," "Affidavit/Certification Fee[s]," "Manual Order Entry Fee[s]," "Electronic Records Access Fee[s]," "Electronic Records, Count[s]," "Record Custodian Fee[s]," "Pathology/Radiology Fees," a CD, a Federal Express fee, a processing fee, and delivery fees. *See* Doc. 59-2 at 19, 21, 23–33, 35–45. Congress might decide to amend § 1920 to accord with modern and efficient discovery practices but thus far has not.

The defendant shows entitlement to taxation of costs only for the copies reflected on the four invoices not from Magna RecordTrak: two from "sharecare" for documents from Orthopaedic Clinic of Daytona Beach, D59-2

13

at 31 ($9.00 for 9 pages based on the $1.00/per page cost reflected in the second "sharecare" invoice), 59-2 at 32 ($155.00 for 155 pages based on $1.00/page); one from Sterling Medical Group to Magna RecordTrak, D59-2 at 34 ($40.00 for 85 pages); and one from Radiology Associates Imaging, D59-2 at 38 ($30.50 for 47 pages based on $1.00/page and $0.25/page, reasonably assumed to be a color copy charge and a black-and-white copy charge). The defendant shows the copies were necessarily obtained for use in the case (the copies are of papers or images directly related to the failure-to-accommodate claim, the back-pay demand, and the defenses against both). *See, e.g.*, D57-31 (medical records offered as joint trial exhibit 22). Although the plaintiff acknowledges the defendant probably spent more on copies necessarily obtained for use in the case—specifically, for trial—*see* D62 at 4, the defendant has not provided proof of those costs, leaving the plaintiff and the Court to guess, which falls short of the "careful scrutiny" required. *See Farmer*, 379 U.S. at 235 (quoted).

Taxing $234.50 as "[f]ees for … the costs of making copies of any materials where the copies are necessarily obtained for use in the case," *see* 28 U.S.C. § 1920(4) (quoted) is warranted.

### E.   *Other*

Lastly, the defendant claims $47.08 for Federal Express costs:

| Date | Disb Code | Amount | Description |
|---|---|---|---|
| 5/15/2024 | 196 | $21.73 | VENDOR: FedEx ERS INVOICE# 850644936 DATE: 5/21/2024 FedEx Tracking: 274692573265, Shipment Date: 20240515, To: Judge Paul Byron, United States District Court, Note: trial exhibits |
| 2/19/2024 | 196 | $12.24 | VENDOR: FedEx ERS INVOICE#: 842070584 DATE: 2/27/2024 FedEx Tracking#: |

14

| | | | |
|---|---|---|---|
| | | | 271153139019, Shipment Date: 20240219, To:, Sterling Medical Group |
| 3/13/2024 | 196 | $13.11 | VENDOR: FedEx ERS INVOICE#: 844314080 DATE: 3/19/2024 FedEx Tracking #: 272107581363, Shipment Date: 20240313, To:, Radiology Associates Imaging C |

D59-1 at 3.

The plaintiff opposes all but the $21.73 Federal Express cost for shipping trial exhibits to the Court. *See* D62 at 5. The defendant provides no reply to this opposition. *See* D65.

As stated, postage is not taxable. *Duckworth*, 97 F.3d at 1395, 1399.

Through defense counsel's declaration and averment, the defendant shows it incurred the costs claimed but fails to show entitlement to taxation of the claimed costs. At a minimum, the defendant fails to show the costs satisfy one of the categories of costs a court may tax under § 1920.

Taxing none of these claimed costs is warranted.

IV. **Recommendation**

The undersigned **recommends**:

(1) granting in part and denying in part the motion for taxation of costs, D59;

(2) taxing costs in favor of the defendant and against the plaintiff in the amount of **$3,710.44;** and

(3) directing the clerk to enter judgment for Bethune-Cookman University Inc., and against Dr. Deborah Freckleton for **$3,710.44** in costs.

## V. Objections

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A [district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "A party failing to object to … findings or recommendations … in a report and recommendation … waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

Any objection must be filed by **March 20, 2025**. Any response to any objection must be filed within 14 days of service of the objection.

**Entered** in Jacksonville, Florida, on March 6, 2025.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: The Honorable Paul Byron

16